UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, SECURITY
POLICE & FIRE PROFESSIONALS (SPFPA),

          Plaintiff,         Civil Action No. 14-cv-11484
                                    Honorable Nancy G. Edmunds
v.                             Magistrate Judge David R. Grand

STEVEN ANGELO MARITAS, RESPECT
FOR SECURITY OFFICERS, AND SPECIAL
POLICE AND SECURITY OFFICERS OF
AMERICA (SPSOA),

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY, WITHOUT PREJUDICE, DEFENDANTS' MOTION TO DISMISS [16], MOTION FOR SUMMARY JUDGMENT [21] AND AMENDED MOTION FOR SUMMARY JUDGMENT [22]**

Most of the parties to this action are adversaries in multiple other actions in the Eastern District of Michigan. In addition to the instant action by Plaintiff International Union, Security Police Fire Professionals ("SPFPA") against Defendant Steven Angelo Maritas ("Maritas") and the two entities he allegedly controls, the SPFPA sued Maritas in Case No. 13-11734, which is presently before the Sixth Circuit Court of Appeals on the SPFPA's appeal.[1] [*See* No. 13-11734, dkt. 89]. Maritas, in turn, has filed two separate actions against the SPFPA; Case Nos. 14-10483 and 14-10765.

The three cases that are presently active in the Eastern District of Michigan (the above-captioned action and Case Nos. 14-10483 and 14-10765) are all related. Indeed, Maritas, recognizing that he seeks the same relief in all three cases, previously moved to consolidate

---

[1] Because Case No. 13-11734 is presently before the Sixth Circuit it will not be addressed further herein.

them. *See e.g.*, No. 14-10765, dkt. 9 ("Motion to Consolidate Case No. 14-10765 and Case No. 14-10483 which are the Same Complaint Into Case No. 14-11484"). On September 15, 2014, the Court held a telephonic conference call with Maritas and counsel to the SPFPA to discuss these three cases. On the call, Maritas agreed to dismiss the two cases in which he was the plaintiff against the SPFPA (Case Nos. 14-10765 and 14-10483) without prejudice so that he could litigate any issues raised therein in the above-captioned action. [24 at 2]. He also agreed to withdraw the dispositive motions he had filed in this action and to "replace them with an answer to the SPFPA's complaint and/or a proper dispositive motion." [*Id.*]. Maritas, who represents himself *pro se* in these matters, apparently attempted to accomplish these dismissals and withdrawals through filings he made in the respective cases shortly after the September 15, 2014 call, but his papers were not effective in those regards.

On October 22, 2014, the Court held another conference call (on the record) with the parties to discuss these matters, and Maritas again specifically agreed and requested: (1) that the complaints he filed in Case Nos. 14-10765 and 14-10483 be dismissed without prejudice; and (2) that the motion to dismiss [16], the motion for summary judgment [21] and the amended motion for summary judgment [22] he had filed in the above-captioned case be withdrawn, without prejudice. The SPFPA did not object to proceeding in this manner.[2]

Accordingly, the Court is entering separate Reports and Recommendations in each of these three cases to accomplish this agreed-upon approach. Thus, in the above-captioned action, **IT IS RECOMMENDED** that Maritas' motion to dismiss **[16]**, motion for summary judgment **[21]** and amended motion for summary judgment **[22]** be **DENIED WITHOUT PREJUDICE**.

---

[2] Although it certainly would be simpler for the parties to enter a stipulated order regarding these matters, given Maritas' *pro se* status and failed attempt to accomplish these menial tasks, the Court finds it will be most efficient to proceed by way of this Report and Recommendation.

| | |
|---|---|
| Dated: October 23, 2014<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file and on non-e-filers at their address on file with the Court.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager

Dated:  October 23, 2014

3