UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION,
SECURITY, POLICE & FIRECivil Action No. 14-11484
PROFESSIONALS OFHonorable Nancy G. Edmunds
AMERICA,Magistrate Judge David R. Grand

Plaintiff,

v.

STEVEN ANGELO MARITAS, et al.,

Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS COUNTERCLAIMS [29, 39]
PURSUANT TO FED. R. CIV. P. 41(b) AND DENY PLAINTIFF'S MOTION TO
DISMISS COUNTERCLAIMS AS MOOT [51]**

**I.PROCEDURAL HISTORY**

Plaintiff International Union, Security, Police & Fire Professionals ("SPFPA") commenced this action against defendants Steven Angelo Maritas ("Maritas"), Respect for Security Officers ("RFSO") and Special Police and Security Officers of America ("SPSOA") alleging causes of action for copyright infringement, breach of contract and fraud. [1]. On August 22, 2014, the case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. [17].

According to the complaint, SPFPA hired Maritas as an organizing director in 2002 "to unionize security and police officers for the Union." [*Id.* at ¶ 17]. In this capacity, Maritas allegedly obtained proprietary recruitment materials, including documents and photographs, belonging to SPFPA. [*Id.* at ¶ 18]. On August 3, 2010, Maritas executed a non-compete agreement with SPFPA. [*Id.*, Ex. 1]. Among other things, the agreement provided that:

1

> 1. Upon termination for any reason, the Employee shall deliver promptly to the International Union all Union books, records, files, and other property of any kind in the Employee's possession or under his/her control.

[*Id.*, Ex. 1 at ¶ 1]. For reasons that are unclear, SPFPA terminated Maritas on February 7, 2013. [*Id.* at ¶ 8]. Thereafter, he formed SPSOA and another self-styled union with the intent to organize and recruit security officers. [*Id.* at ¶ 22].

In an effort to thwart these activities, SPFPA filed suit against Maritas in the Eastern District of Michigan in a case before the Hon. Nancy G. Edmunds (*International Union, Security, Police & Fire Professionals of America v. Maritas*, Case No. 13-11734). The parties eventually settled that matter in an agreement dated June 18, 2013. The main terms of the agreement were as follows: (1) Maritas would honor the August 3, 2010 non-compete agreement; (2) he would cease violating SPFPA's trademarks, including its name and acronym; and (3) he would adhere to a June 18, 2013 stipulated order enforcing the non-compete agreement. [*Id.*, Ex. 2 at ¶¶ 1, 2, 5]. With respect to the stipulated order, a key provision required Maritas to "promptly deliver to [SPFPA] all Union books, records, files and other property of any kinds in [Maritas's] possession or control to [SPFPA], including all copies, and [Maritas] shall not retain the original or copies of any such property." [*Id.*, Ex. 3 at ¶ C]. However, this accord between the parties did not last for long.

On April 11, 2014, SPFPA filed the instant lawsuit after Maritas formed yet another organization, RFSO. [*Id.* at ¶ 28]. SPFPA maintains that RFSO is "owned, operated, and/or controlled by Maritas" and that its self-proclaimed mission is to "engage in a combination of services, advocacies, and organizing . . . for security officers nationwide." [*Id.* at ¶ 29]. SPFPA further alleged that RFSO's website contains a slideshow of copyrighted images that belong to SPFPA, and that these images "came into Maritas's possession by virtue of his" former

employment. [*Id.* at ¶ 33].

In response to SPFPA's allegations, Maritas filed a document captioned "New Evidence Clearly Shows that True Intent of the Settlement Agreement/Order Between the Parties in Regards to the 9(b)(3) Provisions." [29]. In his supporting brief, Maritas asserted several counterclaims, "including and not limited to fraud in the inducement, fraud on the Court, fraudulent misrepresentation and omissions, breach of fiduciary duty, intentional infliction of emotional distress, conspiracy to defraud and abuse of process and any and all other relief as a matter of law . . ." [*Id.* at 17]. Additionally, in a document captioned "Admissions and Denials to SPFPA's Union Complaint" [39], Maritas asserted a counterclaim for fraudulent misrepresentation and a defense to SPFPA's enforcement of the non-compete agreement, which he mistakenly denominated as a second counterclaim. [*Id.* at 27].

On December 15, 2014, SPFPA moved to dismiss the foregoing counterclaims on the grounds that: (1) they fail to meet the pleading requirements of Fed. R. Civ. P. 8; (2) they are barred by the doctrine of *res judicata*; and (3) Maritas should be penalized for "misusing the court process." [51 at 17-18]. When Maritas failed to respond to the motion, the Court, by order dated January 28, 2015, directed Maritas to show cause, on or before February 9, 2015, as to why it should not recommend that SPFPA's motion to dismiss the counterclaims be granted. [53]. To date, Maritas has not responded to the Court's order.[1]

## II.    ANALYSIS

In view of Maritas's noncompliance with the Court's January 28, 2015 order, the counterclaims should be dismissed pursuant to Fed. R. Civ. P. 41(b). This rule governing involuntary dismissals provides:

---

[1] The Court's January 28, 2015 order (which was served on Maritas by mail) has not been returned to the Court as undeliverable.

3

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant (or in this case, a counter-defendant), it is clear that a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 699 n.106 (11th Cir. 2010) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, . . . for failure to prosecute or obey a court order or federal rule."). As the *Link* court explained, "[n]either the permissive language of [Rule 41(b)] — which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss counterclaims for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of these factors favor dismissal here. The Court warned Maritas that his counterclaims would be dismissed if he failed to respond to the Court's January 28, 2015 order. Yet Maritas failed to respond, thereby satisfying the first and third factors.[2] Regarding the second factor, SPFPA has suffered prejudice as a result of Maritas's conduct because he has apparently abandoned his counterclaims by declining to further advance them. Finally, given Maritas's failure to respond to the January 28, 2015 order, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissing the counterclaims for failure to prosecute.

While it is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant," *White v. Bouchard*, 2008 U.S. Dist. LEXIS 112008, at *14 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), dismissal is warranted "when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's (or in this case, a counter-plaintiff's) "apparent abandonment of [a] case." *White*, 2008 U.S. Dist. LEXIS 41428, at *14 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). As demonstrated above, Maritas has "engaged in a clear pattern of

---

[2] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 U.S. Dist. LEXIS 41428, at *12 (E.D. Mich. May 27, 2008), it is unclear whether Maritas's "failure to prosecute is due to willfulness, bad faith or fault." *Id.* Regardless, SPFPA "cannot be expected to defend an action [that] has apparently [been] abandoned, not to mention the investment of time and resources expended to defend" against the counterclaims. *Id.* at *12-13.

delay" by failing to comply with an order of the Court and by failing to file papers necessary for the prosecution of his counterclaims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Maritas's counterclaims **[29, 39]** be **DISMISSED WITH PREJUDICE** and that plaintiff's motion to dismiss counterclaims **[51]** be **DENIED** as **MOOT**.

Dated: March 31, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

  s/Eddrey O. Butts
  EDDREY O. BUTTS
  Case Manager

Dated: March 31, 2015