UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, SECURITY
POLICE & FIRE PROFESSIONALS OF
AMERICA,

                    Plaintiff,              Civil Action No. 14-11484
                                            Honorable Nancy G. Edmunds
v.                                          Magistrate Judge David R. Grand

STEVEN ANGELO MARITAS, RESPECT
FOR SECURITY OFFICERS, and SPECIAL
POLICE AND SECURITY OFFICERS OF
AMERICA,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [64]

## I.    RECOMMENDATION

Plaintiff International Union, Security, Police & Fire Professionals ("SPFPA") commenced this action against defendant Steven Angelo Maritas ("Maritas") alleging causes of action for copyright infringement, breach of contract and fraud. [1].  On August 22, 2014, the case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §636. [17]. Currently before the Court is SPFPA's motion for a temporary restraining order.[1] [64].  For the following reasons, the Court RECOMMENDS that SPFPA's motion [64] be DENIED.

## II.   REPORT

### A.    Background

In the instant motion, SPFPA maintains that the duration of its non-competition

_____

[1] Although Maritas, who appears in this matter *pro se* and is not a registered ECF filer, may not have yet received notice of the instant motion, SPFPA maintains that service may be dispensed with pursuant to Fed. R. Civ. P. 65(b)(1).

2:14-cv-11484-NGE-DRG   Doc # 66   Filed 05/15/15   Pg 2 of 9   Pg ID 1593

agreement with Maritas should be extended beyond its current May 16, 2015 expiration date so that the Court may consider SPFPA's: (1) motion to compel discovery and for sanctions [54]; (2) motion to extend discovery and the duration of the non-competition agreement [55]; and (3) motion and supplemental motion requesting a show cause order as to why Maritas should not be held in civil contempt for violating the district court's stipulated order enforcing the parties' non-competition agreement (collectively, the "show cause motions") [102, 103 filed in the related matter of *International Union, Security, Police & Fire Professionals of America v. Maritas*, Case No. 13-11734].

To the extent SPFPA filed the instant motion with the intention of keeping the non-competition agreement in effect while the Court decided SPFPA's motion to compel discovery and for sanctions [54] and its motion to extend discovery and the duration of the non-competition agreement [55],[2] that Court has already decided these motions in its May 14, 2015 order [65]. As a result, the Court will solely address SPFPA's request for a temporary restraining order as it relates to the show cause motions.

In those two motions SPFPA argues that the Court should find Maritas in civil contempt for committing numerous violations of the stipulated order enforcing the non-competition agreement. According to SPFPA, Maritas violated the stipulated order by: (1) altering an April 2011 Department of Justice press release discussing the indictment of a union official to highlight the release's statement that the official was "formerly an SPFPA representative" [102 at ¶ 7]; (2) scheduling a meeting of his purported "union" "at the same date and city as SPFPA's

---

[2] See Doc. # 64 at 6.  ("Granting a temporary restraining order would afford Judge Grand the necessary time and consideration to rule on Plaintiff's motions…[SPFPA] asks this Honorable Court to issue a temporary restraining order under Fed R. Civ. P. 65(b), extending Defendant Maritas' non-compete obligations pending consideration of [SPFPA's] related motions by Judge Grand.").

constitutional convention," which was held in Las Vegas from April 26, 2015 through April 29, 2015 [103 at ¶ 16]; (3) refusing to return "several boxes of sensitive SPFPA materials in his possession, including SPFPA collective bargaining agreements and local SPFPA union contact lists" [*Id.* at ¶ 27]; and (4) attempting to unionize security guards pursuant to section 9(b)(3) of the National Labor Relations Act, 29 U.S.C. § 159(b)(3).

### B.    Analysis

Having reviewed SPFPA's brief in support of the instant motion, the Court concludes that the issuance of an *ex parte* temporary restraining order is not warranted. "Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 U.S. Dist. LEXIS 187659, at *5 (E.D. Mich. Oct. 23, 2013). The movant, however, bears a substantial burden of demonstrating entitlement to preliminary injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Such relief should be granted only if "the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The same factors are considered in determining whether to grant a request for a temporary restraining order or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Ultimately, whether to grant such relief is a matter within the discretion of the district court. *See Certified*

3

*Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

Fed. R. Civ. P. 65(b)(1) addresses *ex parte* temporary restraining order requests, and provides:

> (b) Temporary Restraining Order.
>
>> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>>
>>> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>>>
>>> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Furthermore, an *ex parte* temporary restraining order is only appropriate where the applicant "would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012). As the United States Supreme Court has explained, the extremely limited availability of *ex parte* temporary restraining orders "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

As a preliminary matter, SPFPA's motion should be denied because SPFPA failed to comply with the requirements set forth in Fed. R. Civ. P. 65(b)(1). Contrary to sub-section (b)(1)(A), SPFPA's counsel's affidavit does not allege "specific facts" demonstrating "immediate and irreparable injury, loss, or damage will result" if Maritas is afforded the opportunity to respond to the motion. At most, counsel asserts that "[p]laintiff will suffer

4

immediate and irreparable injury, loss, or damage if a temporary restraining order is not granted .

. . [because] defendant possesses sensitive SPFPA materials which would aid defendant in its

competitive aims, and continues to disparage the SPFPA." This statement, however, fails to

explain how Maritas's mere alleged possession of the SPFPA materials, or his alleged

disparagement of the union, specifically constitutes an irreparable harm worthy of *ex parte*

injunctive relief. Additionally, counsel neglected to certify what measures, if any, SPFPA

undertook to inform Maritas of the filing of its motion. *See* Fed. R. Civ. P. 65(b)(1)(B). The

Court also notes that the motion was filed only two business days prior to the expiration of the

non-competition agreement which SPFPA is asking the Court to extend.

At any rate, even applying the four factor test enunciated in *Brunner*, SPFPA failed to

adequately demonstrate its entitlement to a temporary restraining order. The Court first

addresses the likelihood of success on the merits. First, assuming that Maritas altered the April

2011 Department of Justice press release to highlight that an indicted union official was

"formerly an SPFPA representative," it is unclear whether that conduct violated the stipulated

order. While the stipulated order requires Maritas to "remove all websites under his control"

containing SPFPA's "name or acronym" within the website materials [64, Ex. 1-3 at ¶ 7], this

language seems aimed at protecting SPFPA's proprietary interest in its trademarks. Furthermore,

insofar as Maritas agreed to "[r]efrain from otherwise engaging directly or indirectly in conduct

contrary or detrimental to the interests of plaintiff" [*Id.* at ¶ 5], SPFPA does not allege that

Maritas's alteration of the press release was demonstrably false, or that he "directly or indirectly"

stated that SPFPA engaged in criminal conduct related to the indictment. Notably, the press

release itself was a publicly available document issued by the Department of Justice.

Second, SPFPA's contention that Maritas violated the stipulated order by convening a

meeting of his purported "union" in Las Vegas during SPFPA's constitutional convention, equally lacks merit. According to its own website, Maritas's group specifically disclaimed any intention of organizing casino security guards by stating that, "we are <u>NOT</u> seeking to unionize Las Vegas casinos for the purpose of collective bargaining" [103, Ex. 1 at 7], and SPFPA did not submit any evidence to the contrary. Thus, at least at this juncture, SPFPA has not presented sufficient evidence for the Court to conclude that it has a substantial likelihood of success as to its claim that Maritas' conduct with respect to the Las Vegas event violated the stipulated order.

Third, SPFPA proffers the declaration of Guy James, the president of another security guard union, in support of its allegation that Maritas *presently* possesses "several boxes of sensitive SPFPA materials . . . including SPFPA collective bargaining agreements and local SPFPA union contact lists." [Case No. 13-11734, 103-7]. However, James merely attested that he visited Maritas at his apartment "[a]t a time prior to February 2013 when I understand Maritas was fired from his position with [SPFPA]" and "observed several boxes filled with various documents." [*Id.*]. James then recounted that Maritas informed him that the boxes contained "records from [SPFPA], including collective bargaining agreements and contact lists for the various SPFPA local unions." [*Id.*]. Even if accepted as true, James's declaration solely establishes that Maritas possessed SPFPA material *at some unspecified time prior* to his termination, which in no way violated the stipulated order. Clearly, this evidence is not sufficient to support the issuance of a temporary restraining order more than two years later.

To the extent SPFPA is arguing that Maritas is attempting to unionize security guards pursuant to section 9(b)(3) in violation of the non-competition agreement, the Court notes that it has already found sufficient ambiguity in terms of what that agreement does and does not allow

Maritas to do[3] such that, at a minimum, it cannot say that the SPFPA has a substantial likelihood of success on this aspect of its argument.

Lastly, SPFPA argues that Maritas breached the stipulated order by representing himself as an expert and lecturer on "representation-case procedures" before the National Labor Relations Board. [*Id.* at ¶¶ 11-14].  But SPFPA again does not address how this conduct is "contrary or detrimental" to its interests under the stipulated order.

In sum, in view of the foregoing, SPFPA failed to establish a likelihood of success on the merits.

Turning to the irreparable harm factor, SPFPA has not sufficiently established any actual harm traceable to Maritas's purported conduct.  And, to the extent such harm does exist, SPFPA failed to demonstrate that it is irreparable or otherwise not compensable through an award of money damages.[4]  As a result, SPFPA is not entitled to the issuance of a temporary restraining order.

Finally, the Court notes that SPFPA's brief does not discuss whether issuance of a temporary restraining order would cause substantial harm to others or serve the public interest. The Court does not see that those matters cut in favor of SPFPA.  Indeed, given substantial questions that exist about SPFPA's interpretation of the underlying non-competition agreement's limits on Maritas' conduct, and the actions that SPFPA has taken in light of its interpretation, granting the requested TRO could cause substantial unfair harm to Maritas.

---

[3] As SPFPA states, the Court's findings on that matter are presently before the Sixth Circuit Court of Appeals.  [103 at 3, fn. 2].

[4] The Court notes that the Las Vegas events concluded well before SPFPA filed its motion for a temporary restraining order.  Nonetheless, SPFPA still failed to demonstrate that it suffered any harm, let alone irreparable harm, by whatever may have taken place there.

III.    **CONCLUSION**

For the aforementioned reasons, the Court RECOMMENDS that SPFPA's motion for a temporary restraining order [64] be DENIED.

Dated: May 15, 2015                          s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                             United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. See Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file and on non-e-filers at their address on file with the Court.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated:  May 15, 2015